# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

PHILLIPS PETROLEUM COMPANY
VENEZUELA LIMITED and
CONOCOPHILLIPS PETROZUATA B.V.,

        Plaintiffs,

  v.

PETRÓLEOS DE VENEZUELA, S.A.,
CORPOGUANIPA, S.A., and PDVSA
PETRÓLEO, S.A.,

        Defendants.

C.A. No. 19-mc-00342-LPS

**PLAINTIFFS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR
MOTION FOR AN ORDER AUTHORIZING THE ISSUANCE OF A WRIT
OF *FIERI FACIAS* AND IN OPPOSITION TO DEFENDANTS' CROSS-
MOTION TO VACATE JUDGMENT**

*Of Counsel*:

Michael S. Kim
Marcus J. Green
Josef M. Klazen
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
(212) 488-1200
michael.kim@kobrekim.com
marcus.green@kobrekim.com
jef.klazen@kobrekim.com

Dated: January 20, 2020

ROSS ARONSTAM & MORITZ LLP

Garrett B. Moritz (Bar No. 5646)
Anne M. Steadman (Bar No. 6221)
100 S. West Street, Suite 400
Wilmington, Delaware 19801
(302) 576-1600
gmoritz@ramllp.com
asteadman@ramllp.com

*Attorneys for Plaintiffs*

## **TABLE OF CONTENTS**

                                                                             **Page**

TABLE OF AUTHORITIES ............................................................................................................ iii

SUMMARY OF ARGUMENT ........................................................................................................ 1

FACTS ............................................................................................................................................. 2

ARGUMENT ................................................................................................................................... 3

    I.      OFAC Sanctions Did Not Excuse PDVSA's Settlement Defaults ...................................... 3

    II.     OFAC Sanctions Do Not Prohibit Registration of Money Judgments ................................ 4

    III.    OFAC Sanctions Do Not Prohibit Issuance of the *Fi. Fa.* Writ .......................................... 6

    IV.    28 U.S.C. § 1610(c) Has Long Been Satisfied .................................................................... 8

    V.     There is No Good Reason to Stay Decision ........................................................................ 8

CONCLUSION ................................................................................................................................ 9

## TABLE OF AUTHORITIES

**CASES**                                                            **PAGE(S)**

*Crystallex Int'l Corp v. Bolivarian Republic of Venezuela*,
  932 F.3d 126 (3d Cir. 2019) ...........................................................................................1, 9

*Dean Witter Reynolds, Inc. v. Fernandez*,
  741 F.2d 355 (11th Cir. 1984)............................................................................................ 6

*Penn Terra Ltd. v. Dep't of Envtl. Res.*,
  733 F.2d 267 (3d Cir. 1984)................................................................................................ 5

**STATUTES**

28 U.S.C. § 1610(c) ................................................................................................................ 1, 8

28 U.S.C. § 1963........................................................................................................... 1, 3, 5, 7

**REGULATIONS**

31 C.F.R. § 591.310 ................................................................................................................ 5, 6

31 C.F.R. § 591.407 ........................................................................................................... 3, 5, 6, 7

31 C.F.R. § 594.201 ................................................................................................................... 7

**EXECUTIVE ORDERS**

Exec. Order No. 13850,
  83 Fed. Reg. 55,243 (Nov. 1, 2018).................................................................................. 2, 4

Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V. (together, "ConocoPhillips") respectfully submit this reply brief in further support of their motion for an order authorizing the issuance of a writ of *fieri facias* (the "Motion") (D.I. 2) and in opposition to the cross-motion (D.I. 11) brought by Petróleos de Venezuela, S.A., Corpoguanipa, S.A., and PDVSA Petróleo, S.A. (collectively, "PDVSA").

By this Motion and as explained below and in ConocoPhillips' opening brief (the "Opening Brief") (D.I. 3), ConocoPhillips asks the Court to authorize the issuance of a post-judgment writ of *fieri facias* against PDVSA's property in Delaware; namely, against PDVSA's shares in PDV Holding, Inc. ("PDVH") (the "*fi. fa.* writ"). ConocoPhillips asks for this relief consistent with the regulations of the United States Treasury Department's Office of Foreign Assets Control ("OFAC").

## SUMMARY OF ARGUMENT

1. PDVSA's performance of obligations under its settlement agreement with ConocoPhillips was not "rendered impossible" by OFAC sanctions. Instead, OFAC specifically licensed PDVSA's performance.

2. ConocoPhillips' registration of a judgment in this Court pursuant to 28 U.S.C. § 1963 was not prohibited by OFAC sanctions.

3. The issuance of the *fi. fa.* writ is not prohibited by OFAC sanctions.

4. From August 2018, when PDVSA voluntarily consented to the entry of judgment, and until now, more than "a reasonable period of time has elapsed" under 28 U.S.C. § 1610(c).

5. Because ConocoPhillips is a judgment creditor of PDVSA, the Court should not stay this Motion because of unrelated *alter-ego* appellate issues from *Crystallex Int'l Corp. v. Venezuela*, Nos. 18-2797 & 18-3124 (3d Cir. July 29, 2019) ("*Crystallex*").

## FACTS

As set forth in the Opening Brief, declaration and exhibits in support of the Motion (D.I. 3-4), in October 2014, ConocoPhillips brought an arbitration claim against PDVSA before a tribunal of the International Chamber of Commerce. On April 24, 2018, the tribunal rendered an award in favor of ConocoPhillips and against PDVSA for approximately US $2 billion (the "Award").

In the summer of 2018, ConocoPhillips and PDVSA negotiated the terms of a potential settlement. Before ConocoPhillips and PDVSA entered into an agreement, on July 24, 2018, ConocoPhillips obtained a specific license from OFAC authorizing execution of an agreement with PDVSA and performance of the obligations thereunder.[1] On August 18, 2018, ConocoPhillips and PDVSA entered into a confidential settlement agreement (the "Settlement Agreement").

Under the terms of the Settlement Agreement, PDVSA agreed to make certain payments and consented to the entry of judgments confirming the Award. Accordingly, on August 22, 2018, the Award was confirmed as a judgment of the United States District Court for the Southern District of New York (the "SDNY Judgment"). ConocoPhillips agreed to suspend enforcement of the Award and the SDNY Judgment so long as PDVSA continued to comply with payment obligations under the Settlement Agreement. PDVSA then made certain scheduled payments under the Settlement Agreement.

On January 28, 2019, the Treasury Secretary designated PDVSA a Specially Designated National ("SDN") under Executive Order 13850, prohibiting unlicensed transactions in PDVSA property. Concurrently, OFAC issued General License No. 12, authorizing performance of

---

[1] *See* Jan. 20, 2020 Declaration of Marcus J. Green ("Green Decl.") at Ex. 1 (OFAC License No. VENEZUELA-2018-353747-1).

obligations on certain pre-existing arrangements with PDVSA through February 29, 2019.[2] Accordingly, PDVSA continued to make scheduled payments through February 2019.

Then, on April 25, 2019, ConocoPhillips obtained an amended specific license from OFAC authorizing continued performance of obligations under the Settlement Agreement through July 31, 2020.[3] PDVSA thereafter met some obligations and then missed some obligations. After ConocoPhillips provided notices of default and the time expired for PDVSA to cure a payment default in November 2019 (*see* D.I. 3 at 5), ConocoPhillips became entitled to enforce the Award and the SDNY Judgment under the terms of the Settlement Agreement.[4]

On November 26, 2019, ConocoPhillips registered the SDNY Judgment in this Court, opening this miscellaneous action and having the same effect as a judgment of this Court pursuant to 28 U.S.C. § 1963 (the "Delaware Judgment"). ConocoPhillips also moved the Court for an order authorizing the issuance of the *fi. fa.* writ with respect to PDVSA's shares of PDVH (*see* D.I. 2-3). In the meantime, on November 22, 2019, OFAC issued additional regulations prohibiting and invalidating judicial transfers of PDVSA's assets absent a specific license.[5]

## ARGUMENT

**I.    OFAC Sanctions Did Not Excuse PDVSA's Settlement Defaults.**

PDVSA admits it failed to perform its payment obligations under the Settlement Agreement. PDVSA admits, but for PDVSA's view of OFAC regulations, that ConocoPhillips would be entitled to enforce the SDNY Judgment under the terms of the Settlement Agreement following an uncured payment default.

---

[2] Green Decl. at Ex. 2 (OFAC General License No. 12).
[3] *Id.* at Ex. 3 (OFAC License No. VENEZUELA-2018-353737-2).
[4] *See* Ex. 6 to Nov. 26, 2019 Declaration of Marcus J. Green (D.I. 4).
[5] *See* 31 C.F.R. § 591.407 (a specific license is required for the "enforcement of any lien, judgment arbitral award, decree, or other order through execution, garnishment, or other judicial process purporting to transfer or otherwise alter or affect property or interests in property blocked").

PDVSA instead only argues its payment defaults ought to be excused because, without a license from OFAC, making payments to ConocoPhillips was rendered either illegal or legally impossible since January 28, 2019, when PDVSA was designated an SDN under Executive Order 13850. (*See* D.I. 3 at 8-10). PDVSA is mistaken.

The designation of PDVSA under Executive Order 13850 has never been an impediment to PDVSA's performance because payments to ConocoPhillips were specifically authorized by OFAC licenses. Payments made during 2018 through February 29, 2019 were authorized by OFAC License No. VENEZUELA-2018-353747-1 and the operation of General License 12.[6] Performance of payment obligations arising in May, August and November 2019, and since, were authorized by OFAC License No. VENEZUELA-2018-353737-2. OFAC issued that amended specific license on April 25, 2019 and it expires on July 31, 2020.[7]

PDVSA says it "is not to blame for the current state of affairs" because "ConocoPhillips could have sought a license from OFAC authorizing it to receive payments from PDVSA." D.I. 3 at 10). But, in fact, ConocoPhillips did obtain licenses. There was nothing preventing PDVSA from fulfilling its obligations under the Settlement Agreement. Respectfully, the Court should not entertain PDVSA's "legal impossibility" argument.

**II.     OFAC Sanctions Do Not Prohibit Registration of Money Judgments.**

PDVSA asks the Court to vacate the Delaware Judgment and to dismiss this miscellaneous action.[8] PDVSA contends "ConocoPhillips was required to obtain a specific license from OFAC before registering the SDNY Judgment in this Court." (D.I. 11 at 10-14). PDVSA is wrong on the law.

---

[6] Green Decl. at Exs. 1-2.
[7] *Id.* at Ex. 3.
[8] PDVSA has styled its opposition to the Motion partially as a "cross-motion" to vacate the Delaware Judgment. If PDVSA treats issues in "reply" other than the propriety of the §1963 registration, ConocoPhillips respectfully requests leave to address them through further briefing.

4

PDVSA relies on 31 C.F.R. sections 591.310 and 591.407 for the proposition that mere registration under 28 U.S.C. § 1963 requires a license from OFAC. (*See* D.I. 11 at 11-14). However, those regulations do not support that notion.

Section 591.407 provides that a license is required for the "enforcement of any lien, judgment, arbitral award, decree, or other order through execution, garnishment, or other judicial process *purporting to transfer or otherwise alter or affect property* or interests in [blocked] property." 31 C.F.R. § 591.407 (emphasis added). Because the Delaware Judgment by itself cannot and does not purport to transfer or alter or affect PDVSA's property, no license was required to obtain it by registering the SDNY Judgment.

The registration of a money judgment of another district merely creates another money judgment. *See* 28 U.S.C. § 1963. And a money judgment "is an order entered by the court or by the clerk . . . which adjudges that the defendant shall pay a sum of money to the plaintiff." *Penn Terra Ltd. v. Dep't of Envt. Res.*, 733 F.2d 267, 275 (3d Cir. 1984). In other words, the entry of a money judgment is merely evidence of a debt and it does not alone have any property-law consequences. *See, e.g., id.* at 275 and n.9 ("Quite separate from the entry of a money judgment, however, is a proceeding to enforce that money judgment. . . . Execution upon a money judgment is the legal process of enforcing the judgment, usually by seizing and selling the property of the debtor.") (citing and quoting Black's Law Dictionary (5th ed. 1979)).

PDVSA's invocation of section 591.310 to argue that even the "docketing, or filing of . . . any judgment" is a prohibited "transfer" does not help PDVSA's argument. (D.I. 11 at 13). Section 591.310 simply says that a judgment can be a "transfer," but only if "the purpose, intent, or effect of [the judgment] is to create, surrender, release, convey, transfer, or alter, directly or indirectly, any right, remedy, power, privilege, or interest *with respect to any property*." 31

5

C.F.R. § 591.310 (emphasis added). In other words and unremarkably, a judgment can be a "transfer" if it effects a transfer. Because the entry of the Delaware Judgment merely evidences a judgment debt between the parties (and does not, for example, create any encumbrance, alter title or direct a conveyance), no license was required to register the SDNY Judgment.[9] Likewise, there is no basis to dismiss this miscellaneous action.

### III. OFAC Sanctions Do Not Prohibit Issuance of the *Fi. Fa.* Writ.

As explained above, the registration of the SDNY Judgment does not implicate any sanctions regulations. On the other hand, some other eventual post-judgment proceedings may raise additional questions, but none of those issues are yet before the Court on this Motion.

No doubt, this Motion is a *post-judgment motion*; a proceeding to enforce a judgment against PDVSA. And since the SDNY Judgment necessarily pre-dated the registration and creation of the Delaware Judgment, registration under 28 U.S.C. § 1963 may also in some respects be deemed a species of "judgment enforcement." However, not all judgment enforcement proceedings and not all post-judgment devices implicate the OFAC sanctions regulations.

On one hand, ConocoPhillips plainly did not need a license to register the SDNY Judgment in this Court, and ConocoPhillips plainly did not need a license to make this Motion. By this Motion, ConocoPhillips is not yet seeking to enforce any judgment, decree or judgment lien that "purport[s] to transfer or otherwise alter or affect [PDVSA's] property." 31 C.F.R. § 591.407. Similarly, the issuance of the *fi. fa.* writ does not by itself automatically effect any "transfer" of PDVSA's shares in PDVH under 31 C.F.R. § 591.407, nor offend restrictions on

---

[9] Accord *Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355, 363 (11th Cir. 1984), relied upon by PDVSA (regulations prohibited "enter[ing] judgment *in a form* that would permit plaintiff to levy upon property or collect funds") (emphasis added).

PDVSA property from being "transferred, paid, exported, withdrawn, or otherwise dealt in."[10] Accordingly, like the registration of the SDNY Judgment, the entry of an order authorizing issuance of the *fi. fa.* writ does not require a license.

In contrast, under the current regulations, a license would be required for ConocoPhillips to enforce a judgment lien by a sale under execution on PDVSA's shares in PDVH or to otherwise take "concrete steps in furtherance of an auction or sale" of any PDVSA property.[11] However, ConocoPhillips does not yet have a lien to seek to enforce against the shares.

If it is not technically prohibited by sanctions (and it is not), then PDVSA's only genuine argument against granting this Motion is that it would be premature or futile to authorize a writ because eventual enforcement of a lien will require a license from OFAC. PDVSA suggests the requirement of a license for an eventual execution sale somehow categorically deprives the Court of the ability to order *any post-judgment relief* in favor of any creditor without a license to execute. (D.I. 11 at 14) ("Courts cannot grant relief that would be illegal or a nullity").

However, the issuance of the writ by itself, even without a license to foreclose on the shares of PDVH, would be neither illegal nor a nullity. ConocoPhillips made this Motion to preserve its rights against PDVSA and vis-à-vis other creditors of PDVSA. Granting this Motion could bear upon the order or priority among otherwise unsecured judgment creditors of PDVSA, subject to licenses or once sanctions are lifted.

ConocoPhillips made the Motion in full view and with advance notice given to OFAC and did not make this Motion to attempt to transfer or encumber blocked property without a license. For those reasons, and because the Court may readily make any further property-law

---

[10] *See* 31 C.F.R. § 594.201.
[11] *See* 31 C.F.R. § 591.407; *see also* U.S. Dep't of Treasury, OFAC, Other Sanctions Programs, Venezuela Sanctions, FAQ Nos. 808, 809 (Dec. 9, 2019), available at https://www.treasury.gov/resource-center/faqs/sanctions/pages/faq_other.aspx#808.

consequences of any such writ contingent on future licensing or other conditions, the Court should grant this Motion.

### IV. 28 U.S.C. § 1610(c) Has Long Been Satisfied.

PDVSA also recasts its "impossibility" defense as a new argument that it would somehow be "unreasonable" under 28 U.S.C. § 1610(c), a year and a half after entry of the SDNY Judgment, for the Court to grant this Motion. (*See* D.I. 11 at 15). PDVSA argues that, because "PDVSA is currently unable to make payments to ConocoPhillips," "[u]nless and until such time as ConocoPhillips obtains a specific license from OFAC or the relevant sanctions are lifted, it is unreasonable for ConocoPhillips to commence enforcement of its judgment pursuant to Section 1610(c)." (D.I. 11 at 15).

However, as explained in the Opening Brief, section 1610(c) only requires that "a reasonable time has elapsed following entry of judgment." (*See* D.I. 3 at 6-7). As detailed above and in the Opening Brief: (i) PDVSA knowingly and voluntarily consented to the entry of the SDNY Judgment in August of 2018; (ii) PDVSA knowingly and voluntarily agreed since August 2018 that ConocoPhillips could enforce the SDNY Judgment if PDVSA defaulted on its payment obligations; (iii) PDVSA managed to avoid any uncured payment default under the Settlement Agreement until November 2019; and, as explained above in relation to OFAC License No. VENEZUELA-2018-353737-2; (iv) PDVSA was free to continue paying under the Settlement Agreement notwithstanding the SDN designation, but elected not to. Respectfully, section 1610(c) offers no basis to deny this Motion.

### V. There is No Good Reason to Stay Decision.

PDVSA otherwise asks the Court to stay decision on this Motion because the Court has already stayed other cases involving enforcement against PDVSA's shares in PDVH. (D.I. 11 at

8

16) ("There is no reason for this proceeding to move forward when all the other actions pending before this Court have been stayed"). The Court stayed those other cases in part pending resolution of the *cert.* petition from *Crystallex* to the United States Supreme Court. But unlike those cases, because ConocoPhillips is a direct judgment creditor of PDVSA, the resolution of any such appellate issues from *Crystallex* does not bear upon this Motion.

The Court should decide this Motion now because it is required by Delaware law and not prohibited by OFAC sanctions regulations. Further, it would allow for an orderly and predictable means under Delaware law to establish indicative priority among creditors, pending resolution of the sanctions issues to allow for an eventual execution sale.

## CONCLUSION

For the foregoing reasons and the reasons set forth in the Opening Brief, ConocoPhillips respectfully requests the Court to authorize the issuance of the *fi. fa.* writ.

*Of Counsel*:

Michael S. Kim
Marcus J. Green
Josef M. Klazen
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
(212) 488-1200
michael.kim@kobrekim.com
marcus.green@kobrekim.com
jef.klazen@kobrekim.com

Dated: January 20, 2020

ROSS ARONSTAM & MORITZ LLP

*/s/ Garrett B. Moritz*
Garrett B. Moritz (Bar No. 5646)
Anne M. Steadman (Bar No. 6221)
100 S. West Street, Suite 400
Wilmington, Delaware 19801
(302) 576-1600
gmoritz@ramllp.com
asteadman@ramllp.com

*Attorneys for Plaintiffs*