

300 Delaware Avenue • Suite 200 • Wilmington, Delaware 19801
Tel: (302) 472.7300 • Fax: (302) 472.7320 • WWW.HEGH.LAW

Direct Dial:   (302) 472-7315
Email:   shirzel@hegh.law

September 17, 2020

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re:   *Phillips Petroleum Co. Venezuela Ltd., et al., v. Petróleos de Venezuela, S.A., et al.*, C.A. 1:19-mc-0342-LPS

Dear Judge Stark:

Defendants respectfully submit this letter brief in response to the Court's Oral Order entered on September 16, 2020 (D.I. 21), requesting briefing addressing the significance of the New York forum selection clause in the parties' Settlement Agreement.[1]  For the reasons set forth below, the forum selection clause requires that disputes relating to breach of contract and impossibility of performance be adjudicated by a New York court and, therefore, mandates dismissal of the instant action, which is entirely predicated upon ConocoPhillips' position that PDVSA breached its payment obligations under the Settlement Agreement.

Paragraph 15 of the Settlement Agreement provides, in relevant part:  "[a]ny controversy or claim arising out of or relating to this Agreement, or the validity **or breach** thereof, shall be exclusively brought before and resolved by either the U.S. District Court for the Southern District of New York or the Supreme Court of the State of New York, New York County . . . ."  (D.I. 12-2 ¶ 15) (emphasis added).  ConocoPhillips' claim here is that PDVSA breached the Settlement Agreement, a claim PDVSA disputes under applicable New York law.  Thus, this action falls squarely within the New York forum selection clause.

Under the Settlement Agreement, ConocoPhillips agreed to refrain from taking steps to enforce the SDNY Judgment unless PDVSA first defaulted on its payment obligations and did not cure the default for 30 days.  (D.I. 4-6; D.I. 12-2 ¶ 8).  Acknowledging this restriction, ConocoPhillips argues that PDVSA "breached and defaulted under the Settlement Agreement" in or around October 2019, which default remained uncured for 30 days, and "[c]onsequently, . . . ConocoPhillips is entitled to enforce the SDNY Judgment to collect the balance still owing on the Award."  (D.I. 3 at 2; D.I. 11 at 3).  In moving to dismiss and opposing the Attachment Motion, PDVSA argued, *inter alia*, that it did not breach the Settlement Agreement because (i) as a matter

---

[1]   Capitalized terms shall have the meaning ascribed to them in Defendants' opposition brief.  (D.I. 11).



The Honorable Leonard P. Stark
September 17, 2020
Page 2

of New York law, which governs the Settlement Agreement, its performance was frustrated and rendered impossible by changes to OFAC's Venezuela sanctions regulations which prohibited payment absent a specific license; and (ii) under the Settlement Agreement, PDVSA was not obligated to make payments that would violate OFAC sanctions.  *See* D.I. 11 at 8-10.[2]

In its reply, ConocoPhillips asserted, for the first time, that it had an OFAC license issued on April 25, 2019 that purportedly authorized continued performance of PDVSA's payment obligations under the Settlement Agreement thereby vitiating PDVSA's impossibility defense.  D.I. 13 at 4.  However, a review of that license makes clear that it has no bearing on PDVSA's defense, as it does not apply to sanctions imposed after its issuance and was rendered irrelevant by additional sanctions imposed against PDVSA on August 5, 2019 pursuant to Executive Order 13884, 84 Fed. Reg. 38,843, §§ 1(a), 3(b), 6(d).  (D.I. 14-3 ¶ 4 ("This License does not authorize transactions prohibited by any law or regulation administered by [OFAC] other than those listed above.")).[3]  Thus, while ConocoPhillips alleges that PDVSA breached its payment obligations in October 2019 and that the breach remained uncured through November 2019, at the time of the alleged breach, payments to ConocoPhillips were prohibited absent a specific OFAC license, which ConocoPhillips did not have.

In sum, it is clear from the parties' submissions that ConocoPhillips' ability to register the SDNY Judgment in this Court and pursue the Attachment Motion depend upon the threshold issue of whether or not PDVSA breached the Settlement Agreement, which turns on whether or not PDVSA's performance was excused or rendered impossible.  Under the forum selection clause, those issues must be decided by a New York court and unless and until such a determination is made, this action cannot proceed.  Accordingly, Defendants respectfully request that the Court dismiss this action and, if ConocoPhillips' wishes to pursue its claims, it can do so in the parties' contractually chosen forum.

Respectfully submitted,

*/s/  Samuel T. Hirzel, II*

Samuel T. Hirzel, II (# 4415)

STH/cmw
cc:   Garrett B. Moritz, Esq.
       Anne M. Steadman, Esq.

---

[2]   In another case, the U.S. District Court for the Southern District of New York has held that, "as a matter of law, these [OFAC] sanctions make it legally impossible here for PDVSA to pay [the plaintiff]."  *Dresser-Rand Co. v. Petróleos de Venezuela, S.A.*, 439 F. Supp. 3d 270, 274 (S.D.N.Y. 2020).

[3]   The license, which expired on July 31, 2020, also states that it "does not cover activities and transactions required to enforce the [ICC award] in the event of PDVSA's default under the Settlement Agreement, including the receipt of debt or equity owned or controlled by PDVSA."  (D.I. 14-3 § II(c)).