

100 S. West Street, Suite 400 • Wilmington, DE 19801
Telephone 302.576.1600 • Facsimile 302.576.1100
www.ramllp.com

Garrett B. Moritz

Direct Dial 302.576.1604
gmoritz@ramllp.com

September 17, 2020

**VIA E-FILING**
The Honorable Leonard P. Stark
U.S. District Court for the
District of Delaware
844 North King Street
Wilmington, Delaware 19801

      Re:    *Phillips Petroleum Company Venezuela Limited et al. v. Petróleos de Venezuela, S.A. et al.*, No. 19-mc-00342-LPS

Dear Chief Judge Stark:

      We write on behalf of Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V. (together, "ConocoPhillips") in response to the Court's September 16, 2020 order (D.I. 21) requesting briefing on whether the New York forum selection language in the Dispute Resolution provision (paragraph 15) of the parties' settlement agreement has any impact on the proceedings before the Court.  The forum selection clause does not apply to this proceeding.

      In the event of a payment default, the settlement agreement provides for both contract remedies and extra-contractual remedies.  In addition to a claim for breach of contract, ConocoPhillips is entitled to bring "Extra-Contractual Judgment Enforcement," defined as "the right, at the sole discretion of ConocoPhillips, to unilaterally take any and all actions to enforce the ICC Award or any judgment recognizing, confirming or enforcing the ICC Award."  D.I. 4-6 ¶ 9.4.2.

      The New York forum selection clause does not apply to "Extra-Contractual Judgment Enforcement."  Paragraph 15 provides that any controversy or claim arising out of or relating to the settlement agreement shall be brought exclusively in New York, but also states that "[t]he provision *does not apply* to the exercise by ConocoPhillips of its right to Extra-Contractual Judgment Enforcement."  D.I. 12-2 ¶ 15 (emphasis added).  That language was intended to permit precisely the type of proceeding before this Court: ConocoPhillips is pursuing solely an extra-contractual effort to enforce its judgment where the debtors' assets can be found, by registering

The Honorable Leonard P. Stark
September 17, 2020
Page 2

the New York federal judgment in Delaware and requesting a *fi fa* writ. ConocoPhillips has not asserted a claim for breach of the settlement agreement, asked this Court to declare a breach, or asked the Court to resolve a controversy under the settlement agreement.

PDVSA admits it stopped making required payments to ConocoPhillips. If PDVSA had a claim that ConocoPhillips somehow breached the settlement agreement by seeking to enforce its judgment here, which it does not, it could have sought relief from the courts in New York. It chose not to do so, despite the fact that ConocoPhillips's motion was filed nine months ago.

Instead, PDVSA asked this Court to deny ConocoPhillips's motion for a *fi fa* writ on the ground that its performance under the settlement agreement was rendered impossible by OFAC sanctions. That is not a defense to the motion before *this* Court. And, in any event, as explained in ConocoPhillips's prior briefing, PDVSA's performance was actually specifically licensed by OFAC. *See* D.I. 13 at 3-4.

Accordingly, the forum selection language contained in the settlement agreement has no impact on this Court's consideration of ConocoPhillips's motion here. The Court should grant the motion.

Respectfully submitted,

*/s/ Garrett B. Moritz*

Garrett B. Moritz (#5646)

cc: All Counsel of Record