

100 S. West Street, Suite 400 • Wilmington, DE 19801
Telephone 302.576.1600 • Facsimile 302.576.1100
www.ramllp.com

Garrett B. Moritz

Direct Dial 302.576.1604
gmoritz@ramllp.com

September 24, 2020

**VIA E-FILING**

The Honorable Leonard P. Stark
U.S. District Court for the
District of Delaware
844 North King Street
Wilmington, Delaware 19801

Re: *Phillips Petroleum Company Venezuela Limited et al. v. Petróleos de Venezuela, S.A. et al.*, C.A. No. 19-mc-342-LPS

Dear Chief Judge Stark:

The parties to the above-captioned action write at the Court's direction to submit this joint status report on how to further proceed in light of the parties' arguments concerning the forum selection clause in the parties' settlement agreement and the defendants' contention that payments required by the settlement agreement were impossible to make because of an Executive Order and/or regulations of the United States Treasury Department's Office of Foreign Assets Control ("OFAC").

*Common Ground*

Plaintiffs-Judgment Creditors Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V. (together, "ConocoPhillips") supplied to Defendants-Judgment Debtors Petróleos de Venezuela, S.A., Corpoguanipa, S.A., and PDVSA Petróleo, S.A. (collectively, "PDVSA") copies of (i) OFAC License No. Venezuela-2018-353747-4 dated August 21, 2020; (ii) ConocoPhillips' written request for that license dated May 5, 2020; and (iii) the cover letter from OFAC transmitting that license.

The parties agree to submit for the Court's consideration a copy of the executed settlement agreement between the parties dated August 18, 2018 (the "Settlement Agreement"). The parties agree to submit under seal a full copy of the Settlement Agreement, without the exhibits, and to further meet and confer over the next two weeks to attempt to reach agreement on any proposed

The Honorable Leonard P. Stark
September 24, 2020
Page 2

redactions from the version of the Settlement Agreement to eventually be publicly filed. To that end, the parties respectfully submit the attached agreed proposed order authorizing the confidential filing.

However, as described below, the parties disagree on whether a ruling from a New York court on PDVSA's impossibility defense is a condition precedent to issuing a ruling on ConocoPhillips's pending motion before this Court seeking a writ of *fieri facias*.

*ConocoPhillips's Positions*

First, ConocoPhillips is not required to prove (or even allege) a breach of contract as a condition precedent to bringing this judgment-enforcement action. Under ¶ 9.4.2 of the Settlement Agreement, ConocoPhillips is entitled to enforce the S.D.N.Y. judgment confirming the arbitration award, upon an "Event of Payment Default," defined to include "if any Quarterly Installment Payment required by Article 4.0 of this Agreement . . . is not paid . . . when due." ¶ 9.1.4. It is undisputed that PDVSA did not make the installment payment due in November 2019 (and has not made any payment since). As a result, ConocoPhillips had multiple remedies available to it: (i) ConocoPhillips could have sued PDVSA for breach of contract under ¶ 9.3.2 (because a "Payment Default" is also a "Default" under ¶ 9.1.4) if it wished to do so; (ii) ConocoPhillips also had the right to unilaterally enforce the S.D.N.Y. judgment under ¶ 9.4.2 ("Extra-Contractual Judgment Enforcement"), as it did before this Court. Those are separate and independent remedies for an uncured "Event of Payment Default." ConocoPhillips did not bring a breach of contract claim. While that remedy is still available to ConocoPhillips, ConocoPhillips is not required to seek a declaration from a New York court of an "Event of Payment Default" before undertaking Extra-Contractual Judgment Enforcement. Instead, ConocoPhillips is immediately entitled to— and by this action did—seek to enforce the judgment.

Second, PDVSA's impossibility defense is not an issue this Court needs to address. If PDVSA genuinely had a claim or defense based on OFAC sanctions or licensing and impossibility of performance, PDVSA's remedy under ¶ 9.5 of the Settlement Agreement would have been to notice a breach by ConocoPhillips in November of 2019 (when ConocoPhillips registered the judgment and moved for the writ), and if uncured, either (i) to sue ConocoPhillips in New York to try to enjoin the enforcement, or (ii) to unilaterally terminate the Settlement Agreement. *See* ¶ 9.5.2. PDVSA has done neither. PDVSA's impossibility argument here is misplaced and this action should proceed, notwithstanding any excuse offered by PDVSA for failing to make the required settlement payments.

Third, PDVSA's argument is not genuine. Prior to the Court raising the forum selection clause, PDVSA *never* argued that a ruling from a New York court on its purported defense was a condition precedent, either to the registration of the S.D.N.Y. judgment in this District or this Court's issuing a *fi fa* writ. Prior to its opposition to the *fi fa* writ, PDVSA *never* mentioned that Executive Order 13884 prevented it from making the settlement payments that PDVSA missed. PDVSA has asserted this "defense" and lately embraced the forum clause solely for the purpose of delaying this enforcement action.

The Honorable Leonard P. Stark
September 24, 2020
Page 3

Fourth, and in any event, ConocoPhillips was authorized to receive the payments that PDVSA failed to make. After OFAC placed PDVSA on the *Specially Designated Nationals and Blocked Persons List* pursuant to Executive Order 13850, ConocoPhillips was promptly authorized by License No. Venezuela-2018-353747-2 to receive payments due under the Settlement Agreement, through July 31, 2020. That authorization survived Executive Order 13884; and ConocoPhillips remains authorized to receive payments by License No. Venezuela-2018-353747-4, issued on August 21, 2020, through August 31, 2022. To resolve any doubt, the parties should brief the narrow issue of ConocoPhillips' ability under OFAC regulations to receive settlement payments from PDVSA.

*PDVSA Defendants' Positions*

First, PDVSA believes that ConocoPhillips should produce all of its alleged communications with OFAC that it referenced during oral argument. ConocoPhillips put these alleged communications at issue during oral argument when its counsel repeatedly asserted that ConocoPhillips has been in constant communication with OFAC and that it consulted with OFAC before registering the S.D.N.Y. Judgment in this Court and before seeking an attachment of the PDVH shares. (Tr. 14:2-6, 17:22-18:3.) The parties are currently working together to resolve these production issues. If no resolution can be reached, PDVSA intends to seek an order compelling production from the courts in New York. However, if this Court concludes that it can adjudicate the threshold issue of whether PDVSA has breached the Settlement Agreement notwithstanding the New York forum selection clause in that agreement, PDVSA would seek such an order from this Court.

Second, PDVSA's position is that no further briefing is necessary at this time unless this Court determines that it would benefit from further briefing on the issue of enforcement of the New York forum selection clause in the Settlement Agreement. However, in response to ConocoPhilllips's arguments above on this issue, we note that New York law mandates enforcement of New York forum selection clauses without exception where, as here, the contract relates to a transaction of not less than $1 million. *See* N.Y. Gen. Obl. Law § 5-1402; *IRB-Brasil Resseguros, S.A. v. Inepar Invs., S.A.*, 20 N.Y.3d 310, 314-16 (2012).

ConocoPhillips argues that the forum selection clause does not apply here, maintaining that this proceeding falls under Extra-Contractual Judgment Enforcement, together with some extraneous but irrelevant procedural arguments. But those arguments are predicated on ConocoPhillips's proffered interpretation of the Settlement Agreement, and, thus, must decided by the New York court, not this Court, because the forum selection clause explicitly states that disputes relating to the interpretation of the Settlement Agreement must be adjudicated in New York.

ConocoPhillips also asserts that PDVSA's impossibility defense is not genuine and therefore the New York forum selection clause should not apply. However, as a matter of governing New York law, the Venezuelan sanctions regime may render PDVSA's contractual payment obligations impossible to perform. *See Dresser-Rand Co. v. Petróleos de Venezuela, S.A.*, 439 F. Supp. 3d 270, 274 (S.D.N.Y. 2020) ("[A]s a matter of law, these [OFAC] sanctions make it legally impossible here for PDVSA to pay [the plaintiff]."). The Settlement Agreement

The Honorable Leonard P. Stark
September 24, 2020
Page 4

excuses a party from performing any obligation that would facilitate a violation of Applicable Law, which clearly includes the Venezuelan sanctions.  The only question here is whether ConocoPhillips had a license to receive payment under the Settlement Agreement at the time PDVSA allegedly breach its payment obligation in October 2019.  It did not.  ConocoPhillips's license was issued in April 2019 and, by its own terms, does not apply to sanctions imposed after its issuance and was rendered irrelevant by additional sanctions imposed against PDVSA on August 5, 2019 pursuant to Executive Order 13884, 84 Fed. Reg. 38,843, §§ 1(a), 3(b), 6(d).  And ConocoPhillips' renewed license issued in August 2020 does not purport to retroactively authorize the receipt of payments due under the Settlement Agreement in October 2019.  Thus, PDVSA has a more than colorable defense under governing New York law and the terms of the Settlement Agreement, and those issues must be determined by a New York court under the mandatory New York forum selection clause in the Settlement Agreement.

Nevertheless, if this Court decides that it can proceed with this case despite the New York forum selection clause, PDVSA believes it would be appropriate to submit supplemental briefing on PDVSA's impossibility defense as well as ConocoPhillips's new argument, which was raised for the first time during oral argument, that a writ of attachment can be issued but not served under the OFAC sanctions – notwithstanding that fact that the OFAC regulations explicitly prohibit "**the issuance**, docketing, or filing of … any judgment, decree, **attachment**, … or other judicial or administrative process or order, or the service of any garnishment" absent a specific license from OFAC.  31 C.F.R. §§ 591.310, 591.407.

We appreciate the Court's attention to this matter.  As always, counsel are available at the Court's convenience should Your Honor have any questions or wish to hear from the parties.

Respectfully submitted,

*/s/ Garrett B. Moritz*

Garrett B. Moritz (#5646)

Enclosure

cc:     All Counsel of Record