IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHILLIPS PETROLEUM COMPANY VENEZUELA LIMITED and CONOCOPHILLIPS PETROZUATA B.V., <br><br> Plaintiffs, <br><br> v. <br><br> PETRÓLEOS DE VENEZUELA, S.A., CORPOGUANIPA, S.A., and PDVSA PETRÓLEO, S.A., <br><br> Defendants. | Misc. No. 19-342-LPS |

## MEMORANDUM ORDER

Plaintiffs Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V. (together, "ConocoPhillips") filed a Motion for an Order Authorizing the Issuance of a Writ of *Fieri Facias*. (D.I. 2) Defendants Petróleos de Venezuela, S.A., Corpoguanipa, S.A., and PDVSA Petróleo, S.A. (collectively, the "PDVSA Parties") oppose the motion. (*See generally* D.I. 3, 4, 11-15, 22, 23) The Court heard oral argument on September 17, 2020. (*See* D.I. 24) ("Tr.") Since then, the parties have submitted a status report (D.I. 25) and a settlement agreement from August 2018. (*See* D.I. 28, 29) Having carefully considered all of these materials, IT IS HEREBY ORDERED that this action will proceed in this Court but the Court will need additional input from the parties before resolving the motion.

1. The Court is not persuaded that resolution of a contract dispute in a New York court is a condition precedent to this Court's consideration of ConocoPhillips's motion. Accordingly, this action will proceed in this Court.

ConocoPhillips brought this action under the provision in the parties' settlement

1

agreement that permits "Extra-Contractual Judgment Enforcement." (*See, e.g.*, D.I. 3 at 11 & n.11 (citing D.I. 29 ¶¶ 9.4 & 16.3); Tr. at 5-6; D.I. 25 at 2-3) The settlement agreement's forum-selection clause does not apply to such enforcement. (D.I. 29 ¶ 15.0) Under the agreement, ConocoPhillips's ability to pursue Extra-Contractual Judgment Enforcement is triggered by an "Event of Payment Default," which consists of a "Payment Default" followed by delivery of a "Default Notice," which is in turn followed by the PDVSA Parties' failure to remedy the Payment Default within 30 days of the Default Notice. (*Id.* ¶ 9.4) Payment Default includes "the failure of the PDVSA Parties to make the cash payments" required by certain provisions in the agreement. (*Id.* ¶ 9.1.3) (citing ¶ 3.4)

There is no dispute that the PDVSA Parties failed to make a payment required by the agreement. (*See, e.g.*, D.I. 11 at 1-2; D.I. 25 at 3-4) There is also no dispute that ConocoPhillips delivered a Default Notice. (*See* D.I. 3 at 5 (asserting that Default Notice was sent on October 14, 2019); *see also generally* D.I. 11) It is further undisputed that the PDVSA Parties did not remedy the Payment Default within 30 days following delivery of the Default Notice. (*See* D.I. 3 at 5) The provision of the settlement agreement that allows for Extra-Contractual Judgment Enforcement does not permit excuses to performance, including the PDVSA Parties' impossibility defense. (D.I. 29 ¶¶ 9.4 & 9.5) ConocoPhillips has not sought any remedy in this Court related to any breach of contract by the PDVSA Parties. Instead, this miscellaneous action concerns enforcement of a judgment. Thus, there is no need for a New York court to separately decide any issues relating to breach or impossibility before this enforcement action may proceed in this Court.

2. Before the Court will decide ConocoPhillips' motion, it requires additional input from the parties. Specifically, the parties shall meet and confer and, no later than January 26,

2021, submit a proposed order setting out a schedule and page limits for briefs to address at least the following:

      a.    the impact, if any, of the Court's January 14, 2021 decision in the *Crystallex Asset Proceeding*, Misc. No. 17-151-LPS;

      b.    whether current U.S. sanctions prohibit ConocoPhillips from seeking, or prohibit this Court from ordering, the relief sought by ConocoPhillips (which shall include consideration of the license documents from the Office of Foreign Assets Control ("OFAC") that ConocoPhillips has now provided to the PDVSA Parties (*see* D.I. 25 at 1)); and

      c.    to the extent there is a dispute over the PDVSA Parties' request for the production of communications with OFAC, on which ConocoPhillips relied during oral argument (*see, e.g.*, Tr. at 14, 17-18), the parties' proposal shall provide for the forthcoming briefing to address that dispute as well.

January 15, 2021  
Wilmington, Delaware

                                          HONORABLE LEONARD P. STARK  
                                          UNITED STATES DISTRICT COURT