IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OI EUROPEAN GROUP B.V.,<br><br>       Plaintiff,<br><br>      v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>       Defendant. | C.A. No. 19-mc-290-LPS |
| PHILLIPS PETROLEUM COMPANY VENEZUELA LIMITED and CONOCOPHILLIPS PETROZUATA B.V.,<br><br>       Plaintiffs,<br><br>      v.<br><br>PETRÓLEOS DE VENEZUELA, S.A., CORPOGUANIPA, S.A. and PDVSA PETRÓLEO, S.A.,<br><br>       Defendants. | C.A. No. 19-mc-342-LPS |
| NORTHROP GRUMMAN SHIP SYSTEMS, INC.,<br><br>       Plaintiff,<br><br>      v.<br><br>THE MINISTRY OF DEFENSE OF THE REPUBLIC OF VENEZUELA,<br><br>       Defendant. | C.A. No. 20-mc-257-LPS |
| ACL1 INVESTMENTS LTD., ACL2 INVESTMENTS LTD., and LDO (CAYMAN) XVIII LTD.,<br><br>       Plaintiffs,<br><br>      v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>       Defendant. | C.A. No. 21-mc-46-LPS |

## JOINT MARCH 9, 2022 STATUS REPORT

In connection with this Court's March 2, 2022 opinion (the "Opinion"), (1:19-mc-00290, D.I. 109; 1:19-mc-00342, D.I. 42; 1:20-mc-00257, D.I. 58; and 1:21-mc-00046, D.I. 33),  and pursuant to the Court's March 2, 2022 order (the "Order"), (1:19-mc-00290, D.I. 110; 1:19-mc-00342, D.I. 43; 1:20-mc-00257, D.I. 59; and 1:21-mc-00046, D.I. 34), directing the parties to file a joint status report by March 9, 2022, Plaintiffs (i) OI European Group B.V. ("OIEG"), (ii) Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V. (together, "ConocoPhillips"), (iii) Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc., and now known as Huntington Ingalls Incorporated ("Huntington Ingalls"), and (iv) ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO (Cayman) XVIII Ltd. (collectively, "ACL"), and Defendants/Intervenors (as applicable) (i) Petróleos de Venezuela, S.A. ("PDVSA"); (ii) Corpoguanipa, S.A. ("Corpoguanipa"); (iii) PDVSA Petróleo, S.A. ("PDVSA Petróleo"); and (iv) Bolivarian Republic of Venezuela (the "Republic" or "Venezuela") submit this joint status report addressing the Court's three questions.

I.   **Whether the Court should certify interlocutory appeals on the OFAC issues in these cases.**

   A.   **OIEG's Position**

   OIEG takes no position as to whether the Court should certify interlocutory appeals on the OFAC issues in these cases, provided that, should that occur, no stay of the OIEG proceedings addressed in this status report take place.

   B.   **ConocoPhillips' Position**

   ConocoPhillips opposes the certification of interlocutory appeals on the OFAC issues in these cases.  The OFAC issues resolved by this Court's March 2, 2022 Opinion and Order, and identified by the PDVSA parties for certification, fail to meet the criteria for certification of an interlocutory appeal under 28 U.S.C. § 1292(b).  Further, there is not sufficient overlap between

the OFAC issues decided by the Court's March 2, 2022 Order and the OFAC issues in *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, such that any appeal ought to be heard together.

### C.  Huntington Ingalls' Position

Yes, the Court should certify interlocutory appeals on the OFAC issues in these cases—but ***only after*** granting Huntington Ingalls' motion for a conditional writ of attachment.  1:20-mc-00257, D.I. 25; D.I. 54-1 (Huntington Ingalls' revised proposed order).  The Court's goal should be to aid the judgment creditors in obtaining the best possible position for joining the eventual sale of PDVH shares in light of the OFAC sanctions regime.  It is therefore prudent to allow interlocutory appeals now, so as to reduce the likelihood of adverse holdings on appeal later.  That said, the Court's eventual ruling on the alter ego question will prove just as controversial as the recent findings regarding the OFAC sanctions regime and will likely trigger its own wave of appeals.  This was, of course, what happened in the wake of the 2018 alter ego determination in *Crystallex*.  *See Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 932 F.3d 126 (3d Cir. 2019).  As discussed more thoroughly below, the proposal described in the Court's opinion to delay a ruling on the alter ego question is prejudicial to Huntington Ingalls and inconsistent with other provisions in the Opinion.  The Court should therefore decide the alter ego issue now, and grant Huntington Ingalls' the requested conditional writ of attachments.  An added benefit to this route would be to allow one round of consolidated appeals rather than two, increasing judicial efficiency and minimizing costs for the parties involved.

### D.  ACL's Position

In ACL's view, certifying interlocutory appeals on the OFAC issues would be unwarranted. In any appeal, there could be a question of this Court's jurisdiction. It appears that this Court has jurisdiction over PDVSA in ACL's case only "so long as PDVSA is Venezuela's alter

3

ego under *Bancec.*" *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 932 F.3d 126, 139 (3d Cir. 2019). This Court has yet to make the alter-ego determination. Moreover, once the Court does make that determination (or its opposite), the disappointed party likely would seek to appeal. The likelihood of that eventual appeal arguably renders an interlocutory appeal at this time inefficient. *See* 28 U.S.C. § 1292(b) (certification requires that "an immediate appeal from the order may materially advance the ultimate termination of the litigation").

### E.  **PDVSA's Position**[1]

PDVSA respectfully requests that the Court certify interlocutory appeals on the following issues:

1.  Whether the Executive Orders and regulations issued by the U.S. Department of Treasury's Office of Foreign Assets Control ("OFAC") prohibit, in the absence of a specific license:

    a.  the issuance and/or service of a writ of attachment against blocked property conditioned on OFAC's future grant of a specific license or the lifting of the OFAC sanctions; and/or

    b.  a judgment creditor of PDVSA or the Republic from registering its judgment in the U.S. District Court for the District of Delaware pursuant to 28 U.S.C. § 1963.

2.  Whether an attachment motion is ripe for adjudication for purposes of Article III of the U.S. Constitution where the property sought to be attached is blocked pursuant to OFAC sanctions and the attachment cannot be granted unless and until, at some future date, the moving party obtains a specific OFAC license or the sanctions are lifted, neither of which may ever occur.

Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal where (1) the "order involves a controlling question of law," (2) about which "there is substantial ground for difference of opinion," and (3) "immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); *see also Katz v. Carte*

---

[1] PDVSA submits this joint status report in accordance with the Court's Order of March 2, 2022.  PDVSA does so while expressly preserving all of its rights and defenses, including its right to sovereign immunity under the FSIA. Nothing in this joint status report should be construed as a waiver of PDVSA's sovereign immunity.

*Blanche Corp.*, 496 F.2d 747, 754-55 (3d Cir. 1974). All of these criteria are satisfied as to the

OFAC issues and the ripeness issue set forth above.

With respect to the OFAC issues, as the Court observed in its March 2 Opinion, "there is

substantial ground for difference of opinion on how the sanctions apply to these cases" and "[i]f

a reviewing court were to adopt an interpretation of the OFAC sanctions that differs from the

Court's interpretation, that controlling legal development might effectively halt all proceedings

before this Court in *Crystallex* and/or these other judgment enforcement actions." Opinion at 26.

This is true with respect to the OFAC issues that PDVSA requests that the Court certify. If the

Third Circuit were to disagree with this Court's interpretation of either of these issues, "that

controlling legal development" would "effectively halt all proceedings before this Court" by

requiring a specific OFAC license, or the lifting of the relevant OFAC sanctions, before further

proceedings could occur.

The same is true with respect to the ripeness issue that PDVSA requests the Court to

certify for appeal. Whether plaintiffs' attachment motions are ripe for adjudication presents a

"controlling question of law" because if the Third Circuit agrees with PDVSA that plaintiffs'

attachment motions are not ripe, then the Court's March 2 decision would need to be reversed,

the Court would lack Article III jurisdiction, and these proceedings would need to be dismissed.

*See Katz*, 496 F.2d at 755.

There is also a "substantial ground for difference of opinion" as to the ripeness of the

attachment motions. Plaintiffs' requests for the "conditional" issuance and service of writs of

attachment against property blocked by OFAC sanctions required the Court to resolve "novel

questions of law" and "to choose between two sets of strong, well-supported, and persuasive

arguments." *Crystallex v. Petróleos de Venezuela, S.A., et al.*, C.A. No. 15-1082-LPS,

Memorandum Order, D.I. 55 (D. Del. Dec. 27, 2016) (granting PDVH's request for certification

5

of interlocutory appeals).  PDVSA respectfully submits that the Court's Opinion and Order run afoul of the prohibition against the issuance of advisory opinions and conflict with existing case law, including but not limited to Third Circuit law governing the standards for ripeness – *see, e.g.*, *Sherwin-Williams Co. v. Cty. Of Del.*, 968 F.3d 264 (3d Cir. 2020), *In re Lazy Days' RV Ctr. Inc.*, 724 F.3d 418 (3d Cir. 2013), *Suburban Trails, Inc. v. N.J. Transit Corp.*, 800 F.2d 361, 369 (3d Cir. 1986) – and *Republic of Panama v. Lexdale*, 804 F. Supp. 1521 (S.D. Fla. 1992), which dismissed an action on ripeness grounds because virtually identical OFAC regulations prohibited the unlicensed attachment of the property at issue.

Moreover, an immediate appeal of the ripeness issue "may materially advance" the litigation because if the Third Circuit agrees with PDVSA's position on ripeness and reverses this Court's March 2 decision, these enforcement actions would be "terminated on remand," *Crystallex*, C.A. No. 15-1082-LPS, D.I. 55 at 4, with no need for any further proceedings.  *See Ford Motor Credit Co. v. S.E. Barnhart & Sons, Inc.*, 664 F.2d 377, 380 (3d Cir. 1981).

Finally, in addition to the other factors supporting certification of the OFAC and ripeness issues, "exceptional circumstances" also warrant certification.  *Crystallex*, C.A. No. 15-1082-LPS, D.I. 55 at 5.  The issues that PDVSA seeks to certify for appeal involve important and difficult questions about the OFAC sanctions regime, which implicate significant U.S. foreign policy considerations.  These threshold issues permeate multiple cases pending in this Court[2] (and that may be brought by other creditors in the future) and if resolved by the Third Circuit now will conserve judicial resources in the future.

Accordingly, PDVSA respectfully requests that the above-listed issues be certified for interlocutory appeal.

---

[2] This includes not only the four above-referenced cases, and *Crystallex*, but also *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A.*, Misc. No. 22-mc-68-LPS & 22-mc-69-LPS and *Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela*, Misc. No. 21-mc-481-LPS.

### F.  Corpoguanipa's and PDVSA Petróleo's Positions

Corpoguanipa and PDVSA Petróleo concur with the position expressed by PDVSA.

### G.  The Republic's Position

The Republic concurs with the position expressed by PDVSA.

## II.  Whether the Court should resolve any of the pending motions in any of these cases (on the merits, as moot, without prejudice to renew, or for or on any other grounds), including whether the Court should deny OI European Group B.V.'s, Huntington Ingalls', and ACL's attachment motions without prejudice to renew.

### A.  OIEG's Position

*Summary*.  For the reasons outlined below, OIEG requests that this Court enter findings of fact based on the April 30, 2021 hearing, and grant OIEG's pending motion for the conditional issuance of a writ of attachment *fieri facias*.  (This can be done on the basis of specific record materials cited below.)  In the alternative OIEG requests that the Court grant it leave to pursue an interlocutory appeal related to the "pertinent time" issue.

*Background*.  On November 4, 2019, OIEG moved for a writ of attachment *fieri facias* against the shares of PDV Holding, Inc. ("PDVH"), which are owned by PDVSA as an alter ego (at any and all relevant times) of the Republic, on the grounds that the Court's decision in *Crystallex International Corp. v. Bolivarian Republic of Venezuela ("Crystallex I")*, 333 F. Supp. 3d 380 (D. Del. 2018), *aff'd,* 932 F.3d 126 (3d Cir. 2019), collaterally estopped the Republic and PDVSA to deny that PDVSA is the alter ego of the Republic.  1:19-mc-00290, D.I. 2.  At the time of the motion, no OFAC sanctions would have impeded a grant of the writ, and perfection of a judgment lien by service of the writ.

On December 12, 2019, this Court denied the motion, ruling that collateral estoppel did not apply because the "pertinent date" for the alter ego determination was different from that used in the *Crystallex* attachment proceeding.  *Crystallex Int'l Corp. v. PDV Holding Inc.*, 2019 WL 6785504, at *8 (D. Del. Dec. 12, 2019).  On December 23, 2019, OIEG moved to reconsider, citing

substantial authorities that it believes stand for the proposition that alter ego status does not evolve depending on the time writs are sought or granted.  1:19-mc-00290, D.I. 27.  Unpersuaded, the Court denied the motion, 1:19-mc-00290, D.I. 43, ruling (in a separate action) that the pertinent time is "the period between the filing of the motion seeking a writ of attachment and the subsequent issuance and service of that writ."  *Crystallex Int'l Corp. v. Bolivarian Republic of* Venezuela, 2021 WL 129803, at *6 (D. Del. Jan. 14, 2021).  This ruling establishes the law of this and related cases as to the "pertinent time."

During the pertinent time, as defined by the Court, OIEG proved that PDVSA remained (as it remains today) the alter ego of Republic.  In February 2021, it filed its amended motion seeking a writ of attachment *fieri facias* against the shares of PDVH.  1:19-mc-00290, D.I. 48.  Its brief in support, 1:19-mc-00290, D.I. 49, contains an offer of proof ("Offer of Proof") showing that, PDVSA continued to be the alter ego of the Venezuelan state at all potentially relevant times.  *Id*. at 4-18.  The Offer of Proof was overwhelming, supported by sworn declarations, 1:19-mc-00290, D.I. 50, 51, 78, 86, and 90, and was proved at an evidentiary hearing on April 30, 2021.  OIEG's evidence was uncontested, as the Republic and PDVSA relied entirely on a legal theory: that U.S. recognition of a government-in-exile precludes the Court from considering post-recognition facts showing the continued domination by the state over PDVSA's actual operations, officers, employees or foreign assets and that such recognition represented a legally-significant change in circumstances.  This legal theory was unavailing.  States, not governments, are liable for creditor judgments, and alter ego doctrine penetrates form to reach substance.  *See* 1:19-mc-00290, D.I. 77 at 5-10.  The persistent U.S. sanctions on the Republic and PDVSA themselves showed then (and show today), that PDVSA remains an arm of, and indistinguishable from OIEG's judgment debtor – the Republic.

Given the OFAC sanctions in place, OIEG requested that the Court enter an order granting its motion, with the issuance and service of the writ conditioned on OFAC approval or lifting of the relevant sanctions.

On March 2, 2022, this Court entered the Opinion and Order: (1) holding that this Court does have *authority* to issue OIEG's requested relief, but (2) declining to enter an order granting such relief or to make findings of fact and conclusions of law with respect to the alter ego issues because "a significant additional amount of time will likely pass before proceedings will continue in the instant actions in this Court."  Opinion at 27.

*Requested Relief.*  The Court should promptly enter findings of fact with respect to OIEG's amended motion, and grant to OIEG conditional issuance of a writ of attachment *fieri facias*.  As shown below, all of the necessary record exists to permit this to occur promptly.

   (i)  *Findings of Fact.*

Regardless of the finality of relief given or withheld, the Court may and should find facts, specifically, the facts in OIEG's Offer of Proof, *see* 1:19-mc-00290, D.I. 49 at 4-18, which were proved and undisputed at the April 2021 hearing.  As this Court has previously expressed, utility and efficiency are served by entering findings of fact even if those findings are to (potentially) be used for future relief.  *See Crystallex*, 2021 WL 129803, at *8 ("any creditor may be able to find support (perhaps strong support) in the record created in the *Crystallex Asset Proceeding* and the finding reached (and affirmed) there.").  Even if the Court declines to grant a conditional writ, findings would assist appellate review now, and avoid imposing upon another judge of this Court review of the same material later.  The litigants have a compelling equitable interest in such fact-finding, in light of the considerable expense undertaken in the preparation and presentation of evidence at the April 30, 2021 hearing.

   (ii)   *Grant of the Conditional Order.*

In addition to finding facts, the Court should hold that, as a matter of law, the factual record warrants a finding that PDVSA is, for purposes of OIEG's attachment motion, the alter ego of the Republic. The Court's concern – that circumstances might materially change between the issuance of its order and relief from OFAC sanctions – is best addressed by permitting the Republic and/or PDVSA, at the time OFAC sanctions are lifted or a license is granted, to show cause (under Fed. R. Civ. P. 60(b) or otherwise) why a Court should, by reason of changed circumstances, grant relief.

*First*, all of OIEG's requested relief is ripe for review today. *See* Opinion at 27 n.20.

*Second*, relief is warranted by the undisputed facts, for the reasons stated.

*Third*, relief would be fully consistent with this Court's prior practice of making alter ego findings even when the issuance and service of a writ was expressly conditioned on further briefing and court order(s). See Crystallex I, 333 F.Supp.3d at 425-26 ("By its decision today, the Court is holding that it will, after conferring further with the parties about additional details, direct the Clerk of the Court to issue to Crystallex a writ, which Crystallex will then have the opportunity to serve and attach to PDVSA's property in Delaware . . . . The Clerk of Court is directed **not** to issue the writ of attachment until after the Court issues an additional Order following its review of the forthcoming status report.").

*Fourth*, it would be inequitable to permit one creditor (ConocoPhillips) to obtain a conditional order of attachment while delaying relief to another (OIEG), when OIEG has already made a full case of (at minimum) legal parity with ConocoPhillips – and if it is correct concerning the "pertinent time" issue, equitable priority.[3] *See* Opinion at 21 ("From the perspective of judicial

---

[3] OIEG sought its attachment before ConocoPhillips (and all other judgment creditors other than Crystallex) and, under its view of "pertinent time," would have perfected before ConocoPhillips. Any interlocutory appeal that is pursued from this Court's recent decisions construing OFAC regulations will have no impact on the question of PDVSA's alter ego status. While OFAC sanctions may impact the *timing* of the ultimate

administration, it makes sense that ConocoPhillips and the other judgment creditors will all have access to the same form of relief at the same point in their judgment enforcement efforts."). As this Court has previously made clear, at a minimum the question is whether or not the alter ego status exists "at this time" – not tomorrow. *See Crystallex*, 2021 WL 129803, at *6 n.16. After a full day evidentiary hearing and a significant record in front of it, judicial economy would not be served by now hitting the reset button.

In the event that the Court does not grant the conditional order, OIEG requests that the Court nevertheless make findings of fact (for the reasons stated above) and authorize OIEG under 28 U.S.C. § 1292 to seek interlocutory relief from this Court's prior orders (and any order entered now) so that OIEG may challenge this Court's ruling as to the "pertinent time" for determination of PDVSA's alter ego status, and, if successful, advise the Court of Appeals of a record that will permit effective appellate relief. As previously expressed to this Court, and preserved in OIEG's filings to date, OIEG's position is that the "pertinent time" has already occurred.

### B. ConocoPhillips' Position

There are no pending motions to be decided in ConocoPhillips' case. ConocoPhillips takes no position on whether the Court should rule, decline to rule, or dismiss without prejudice to renew the pending motions of OIEG, Huntington Ingalls and ACL.

### C. Huntington Ingalls' Position

Yes, the Court should grant Huntington Ingalls' pending amended motion for a conditional writ of attachment. *See* 1:20-mc-00257, D.I. 25; D.I. 54-1 (Huntington Ingalls' revised proposed

---

issuance and/or service of the requested writ, it would be inequitable to force OIEG to the sideline while other judgment creditors gain a priority advantage due to hypothetical changes in circumstances that may occur between now and when the interlocutory appeals run their course. Judicial economy would be better served by entering a conditional order of attachment *today,* subject to unwind should circumstances merit.

order).  In doing so, the Court should determine, as a matter of law, that PDVSA is the alter ego of Venezuela, subjecting its shares of PDVH to attachment.

The Court should ***not*** postpone the question of PDVSA's alter ego status.  Postponing the alter ego question is prejudicial to Huntington Ingalls and will result in treatment different to the treatment of ConocoPhillips without legal basis.  If the Court dismisses the pending amended motion for a conditional writ of attachment, without prejudice, then at some point in the future, the Court's Opinion will be upheld and, eventually, OFAC will issue licenses to ConocoPhillips and Huntington Ingalls. However, at that point, while ConocoPhillips will be free to join in an auction of PDVH, Huntington Ingalls will be forced to relitigate the alter ego question and then wait for the Third Circuit to review that decision.  By the end of that process, the assets of PDVH will have dissipated and any victory it receives will be pyrrhic.

But isn't such a result warranted, given the fact that the ConocoPhillips judgment is against PDVSA while the Huntington Ingalls decision is against Venezuela?  No, it is not.  On April 30, 2021, Huntington Ingalls proved that Venezuela and PDVSA are alter egos.  *See* 1:20-mc-00257, D.I. 47 (Official Transcript of Oral Argument Video Hearing held on April 30, 2021).  As a result, judgments against PDVSA and Venezuela are legally equivalent.  *See EM Ltd. v. Banco Cent. de la República Arg.*, 800 F.3d 78, 91 n.56 (2d Cir. 2015) ("[O]nce an instrumentality of a sovereign state has been deemed to be the alter ego of that state . . ., the instrumentality and the state are to be treated as one and the same for all purposes.").  And this Court has held that it can issue conditional writs, notwithstanding the absence of a license from OFAC.  Logically, if the Court can grant a conditional writ, and does so in favor of ConocoPhillips as a PDVSA judgment creditor, then it can also do the same in favor of Venezuelan judgment creditors, like Huntington Ingalls, that have proven that Venezuela and PDVSA are alter egos.

In its decision in *Crystallex*, this Court held that the pertinent time for determining whether two parties are alter egos for the purpose of the enforcement of a judgment is "the period between the filing of the motion seeking a writ of attachment and the subsequent issuance and service of that writ."  Opinion at 27 (quoting *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, No. 17-mc-151-LPS, 2021 U.S. Dist. LEXIS 7793, at *18 (D. Del. Jan. 14, 2021)).  Venezuela, of course, previously argued in *Crystallex* that the only pertinent date is the date the writ is issued, but this Court did not accept that argument.  *See Crystallex Int'l Corp. v. PDV Holding Inc.*, No. 15-cv-1082-LPS, 2019 U.S. Dist. LEXIS 214167, at *23 n.19 (D. Del. Dec. 12, 2019) ("Venezuela '***points to no authority*** for [its] proposition' that ***the only pertinent date is the date the writ is issued***") (emphasis added).

The Opinion confirms that a conditional writ can be issued and served now.  True, the conditional writ can only become unconditional after an OFAC license issues.  However, that is a political matter which has nothing to do with the legal merits of any of the judgment currently pending against Venezuela and PDVSA.  It is possible, of course, that the political and social structure of Venezuela will change in some way between now and whatever time the OFAC license issues—just as it changed between the date that this Court found Venezuela and PDVSA to be alter egos in the Crystallex case and today.  But that change will be immaterial since the conditional writ will already have been issued and served.  In any event, the Federal Rules of Civil Procedure already prescribe a remedy for Venezuela and PDVSA in those circumstances.  *See* Fed. R. Civ. P. 60.

Following the path outlined above is legally correct and will ensure equity amongst equivalent creditors.  It will also prevent Venezuela from continuing to use its corporate shell game —continuously moving assets between Venezuela and PDVSA whenever convenient—to the detriment of judgment creditors in Delaware.  At the same time, ruling in favor of Huntington

Ingalls on its application for a conditional writ based on the alter ego relationship between Venezuela and PDVSA will also avoid an unnecessary waste of judicial resources.  On April 30, 2021, Huntington Ingalls and OIEG litigated the issue of PDVSA's alter ego status.  *See* 1:20-mc-00257, D.I. 47 (Official Transcript of Oral Argument Video Hearing held on April 30, 2021).  The parties spent considerable resources preparing for, and attending, the all-day hearing.  The parties spent additional resources in two rounds of post-hearing briefing.  *See* 1:20-mc-00257, D.I. 51–54.  These efforts were made with one goal: to establish PDVSA as Venezuela's alter ego, allowing the Court to grant a conditional writ of attachment preventing execution of a final writ only until one of two events occur: (*i*) the parties' receipt of an OFAC special license or (*ii*) the removal or modification of the sanctions regime.  *See* 1:20-mc-00257, D.I. 55-1 (Huntington Ingalls' revised proposed order).  If the Court proceeds as it suggested in the Opinion, the resources spent in relation to the April 30, 2021 hearing will have been for nothing.  A new hearing will be necessary on some date in the future when OFAC grants Huntington Ingalls a license, *see* Opinion at 27, but while Huntington Ingalls scrambles to litigate the issue at that time, it will watch, from a distance, as Crystallex and ConocoPhillips proceed alone against the PDVH shares.  *See Crystallex Int'l Corp. v. PDV Holding Inc.*, No. 1:17-mc-00151-LPS, D.I. 443 (D. Del. Mar. 2, 2022) (concluding that the Court can continue to proceed with a sales process despite the OFAC sections).

The result of the Court's proposed route is inequitable and would be contrary to the very relief that the Court recognized in the Opinion that it has the authority to give.  In its ripeness analysis, the Court correctly recognized that "the judgment creditors are faced with a dilemma: if they wait for OFAC to provide additional guidance on how far the attachment process can or should go under the current sanctions, OFAC may decide not to provide any guidance at all, leaving the judgment creditors in legal limbo."  Opinion at 9.  The Court also understood that "[t]he judgment creditors are asking this Court to provide relief now in the form of orders that will

leave them better prepared to perfect interests in the PDVH Shares at the appropriate time." *Id.* at 10.  By failing to consider the alter ego question, however, the Court leaves Huntington Ingalls in the exact same position it was in prior to filing for a motion for a writ of attachment.  Huntington Ingalls remains in a costly "legal limbo."

Again, while Huntington Ingalls would suffer great prejudice in any further delay on the alter ego question, no such prejudice would fall upon either PDVSA or Venezuela if the Court were to grant Huntington Ingalls' motion now.  Events have not materially reduced Venezuela's control and use of PDVSA and its assets since the April 2021 hearing.  If events subsequently do change in a material way after the Court grants Huntington a conditional writ, the burden should shift to Venezuela or PDVSA to show cause as to why the Court's judgment should be set aside. *See* Fed. R. Civ. P. 60.

Like OIEG, Huntington Ingalls requests that, if the Court does not grant the conditional order, the Court nevertheless make findings of fact and authorize Huntington Ingalls under 28 U.S.C. § 1292 to pursue interlocutory relief from this Court's prior orders (and any order entered now) so that Huntington Ingalls may challenge this Court's ruling as to the "pertinent time" for determination of PDVSA's alter ego status.  Huntington Ingalls believes that the pertinent time of the alter ego analysis has passed.

### D.  ACL's Position

Regardless whether an interlocutory appeal is certified, in ACL's view, ACL's attachment motion should not be dismissed without prejudice at this time. Instead, it would be appropriate to resolve ACL's motion on its merits by deciding whether PDVSA is Venezuela's alter ego. Deciding this question could facilitate the sale process in *Crystallex* by making more clear which judgment creditors of Venezuela (as opposed to PDVSA) might be able to participate. It should not matter, in ACL's view, that the "pertinent time" (as determined by this Court) for the alter ego

determination runs through when the writ is issued and served. Service of the writ remains barred by OFAC sanctions. And resolution of key questions in this litigation should not await the final lifting of those sanctions. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, Misc. No. 17-151, 2022 WL 611586, at *19 (D. Del. Mar. 2, 2022) ("The litigation before the Court simply cannot be permitted to continue forever.").

### E.  **PDVSA's Position**

PDVSA agrees with the Court's inclination "to deny OIEG's, Huntington Ingalls', and ACL's pending attachment motions, PDVSA's pending motions to dismiss, and any other pending motions without prejudice, allowing any motions to be refiled once the Court has the benefit of any decisions issued as a result of the interlocutory appeals (if they occur)."  Opinion at 27.

As set forth above, if an interlocutory appeal is certified and PDVSA prevails on the OFAC and/or ripeness issues, the result will be that proceedings in this Court cannot go forward – either because they are not ripe or because they are prohibited by OFAC sanctions – unless and until plaintiffs obtain a specific license from OFAC or the relevant OFAC sanctions are lifted. And, if an interlocutory appeal is certified and PDVSA does not prevail on appeal, the Court and the parties will have the benefit of definitive guidance from the Third Circuit as to how far these actions may proceed in the absence of an OFAC license.

Moreover, as the Court recognized in its Opinion, because the Court has ruled that the "pertinent time" for purposes of the alter ego analysis is "the period between the filing of the motion seeking a writ of attachment and the subsequent issuance and service of that writ," Opinion at 27, and there is no dispute that (at a minimum) service of the writ cannot happen until plaintiffs obtain a specific OFAC license, there is simply no reason or basis to decide the alter ego issue now.  Thus, although PDVSA believes it is clear that plaintiffs utterly failed as a matter

16

of law and fact to establish that PDVSA is the alter ego of the Republic, it would be a waste of judicial resources to adjudicate the alter ego issue prior to the resolution of the interlocutory appeals, when resolution of the appeals may obviate the need for, or preclude resolution of, the alter ego issue and where the alter ego issue will need to be revisited at a later date in any event.

Accordingly, PDVSA requests that the Court deny OIEG's, Huntington Ingalls' and ACL's attachment motions, and PDVSA's cross-motions to dismiss, without prejudice to refile after the interlocutory appeals are finally resolved.  Alternatively, PDVSA requests that the pending motions be held in abeyance until final resolution of the interlocutory appeals.

### F.  Corpoguanipa's and PDVSA Petróleo's Positions

Corpoguanipa and PDVSA Petróleo concur with the position expressed by PDVSA.

### G.  The Republic's Position

The Republic concurs with the position expressed by PDVSA.

### III.  Any other issues that the parties wish to raise in light of the Court's Opinion in these cases and its concurrent Opinion in *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, Misc. No. 17-151 D.I. 443 (D. Del. Mar. 2, 2022).

### A.  OIEG's Position

In light of the Court's decision to continue moving the Crystallex attachment proceeding and potential sale forward, OIEG respectfully requests that this Court act swiftly to permit OIEG the opportunity to advance its own attachment proceeding to make the eventual sale more efficient and value-maximizing for all parties involved.

### B.  ConocoPhillips' Position

ConocoPhillips has no further issues to raise at this time.

### C.  Huntington Ingalls' Position

Huntington Ingalls has no further issues to raise at this time.

### D.  ACL's Position

ACL has no further issues to raise at this time.

**E.  <u>PDVSA's Position</u>**

PDVSA has no further issues to raise at this time.

**F.  <u>Corpoguanipa's and PDVSA Petróleo's Positions</u>**

Corpoguanipa and PDVSA Petróleo have no further issues to raise at this time.

**G.  <u>The Republic's Position</u>**

The Republic has no further issues to raise at this time.

*       *       *

The parties are available at the Court's convenience should Your Honor have any questions.

Dated: March 9, 2022

| | |
|---|---|
| HEYMAN ENERIO<br>GATTUSO & HIRZEL LLP<br><br>By: _/s/ Samuel T. Hirzel_<br>Samuel T. Hirzel (#4415)<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE 19801<br>Telephone: 302-472-7300<br>SHirzel@hegh.law<br><br><br>CURTIS, MALLET-PREVOST, COLT &<br>MOSLE LLP<br>Joseph D. Pizzurro<br>Julia B. Mosse<br>Kevin A. Meehan<br>Juan O. Perla<br>101 Park Avenue<br>New York, NY 10178<br>Telephone: 212-696-6000<br>jpizzurro@curtis.com<br>jmosse@curtis.com<br>kmeehan@curtis.com<br>jperla@curtis.com<br><br>*Attorneys for Petróleos de Venezuela, S.A.,*<br>*Corpoguanipa, S.A., and PDVSA Petróleo,*<br>*S.A.* | MORGAN, LEWIS & BOCKIUS LLP<br><br>By: _/s/ Jody C. Barillare_<br>Jody C. Barillare (#5107)<br>1201 N.Market St., Suite 2201<br>Wilmington, DE 19801<br>Telephone: 302-574-3000<br>Facsimile: 302-574-3001<br>jody.barillare@morganlewis.com<br><br>- and -<br><br>Sabin Willett (*pro hac vice*)<br>Jonathan Albano (*pro hac vice*)<br>Christopher L. Carter (*pro hac vice*)<br>One Federal Street<br>Boston MA 02110<br>Telephone: 617-341-7700<br>Facsimile: 617-341-7701<br>sabin.willett@morganlewis.com<br>jonathan.albano@morganlewis.com<br>christopher.carter@morganlewis.com<br><br><br>SEQUOR LAW, P.A.<br>Edward H. Davis, Jr. (*pro hac vice*)<br>Fernando J. Menendez (*pro hac vice*)<br>111 Brickell Ave., Suite 1250<br>Miami, FL 33131<br>Telephone: 305-372-8282<br>Facsimile: 305-372-8202<br>edavis@sequorlaw.com<br>fmenendez@sequorlaw.com<br><br>*Attorneys for OI European Group B.V.* |
| ABRAMS & BAYLISS LLP<br><br>By: _/s/ A. Thompson Bayliss_<br>A. Thompson Bayliss (#4379)<br>Stephen C. Childs (#6711)<br>20 Montchanin Road, Suite 200<br>Wilmington, DE 19807<br>Telephone: 302-778-1000<br>bayliss@abramsbayliss.com | ROSS ARONSTAM & MORITZ LLP<br><br>By: _/s/ Garrett B. Moritz_<br>Garrett B. Moritz (#5646)<br>100 S. West Street, Suite 400<br>Wilmington, DE 19801<br>Telephone: 302-576-1600<br>gmoritz@ramllp.com |

| | |
|---|---|
| childs@abramsbayliss.com<br>SULLIVAN & CROMWELL LLP<br>Sergio J. Galvis<br>Joseph E. Neuhaus (*pro hac vice*)<br>James L. Bromley (*pro hac vice*)<br>125 Broad Street<br>New York, New York 10004<br>Telephone: 212-558-4000<br>Facsimile: 212-558-3588<br>galvis@sullcrom.com<br>neuhausj@sullcrom.com<br>bromleyj@sullcrom.com<br><br> - and -<br><br>Angela N. Ellis<br>1700 New York Avenue, N.W. Suite 700<br>Washington, D.C. 20006-5215<br>Telephone: 202-956-7500<br>Facsimile: 202-293-6330<br>ellisan@sullcrom.com<br><br>*Attorneys for the Bolivarian Republic of Venezuela* | KOBRE & KIM LLP<br>Michael S. Kim<br>Marcus J. Green<br>Josef M. Klazen<br>800 Third Avenue<br>New York, New York 10022<br>Telephone: 212-488-1200<br>michael.kim@kobrekim.com<br>marcus.green@kobrekim.com<br>jef.klazen@kobrekim.com<br><br>*Attorneys for Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V.* |
| PACHULSKI STANG ZIEHL & JONES, LLP<br><br>By: */s/ Laura Davis Jones*<br>Laura Davis Jones (#2436)<br>Peter J. Keane (#5503)<br>919 North Market Street, Suite 1600<br>P.O. Box 8705<br>Wilmington, DE 19899-8705<br>Telephone: 302-652-4100<br>ljones@pszjlaw.com<br>pkeane@pszjlaw.com<br><br><br>ALSTON & BIRD LLP<br>Alexander A. Yanos (*pro hac vice*)<br>Rajat Rana (*pro hac vice*)<br>Robert Poole (*pro hac vice*)<br>90 Park Avenue, 15th Floor<br>New York, NY 10016-1387<br>Telephone: 212-210-9400<br>alex.yanos@alston.com<br>rajat.rana@alston.com | ASHBY & GEDDES<br><br>By: */s/ Marie M. Degnan*<br>Marie M. Degnan (#5602)<br>500 Delaware Ave., 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>Telephone: 302-654-1888<br>mdegnan@ashbygeddes.com<br><br><br>RILEY WARNOCK & JACOBSON, PLC<br>Joshua S. Bolian<br>Keane A. Barger<br>1906 West End Avenue<br>Nashville, Tennessee 37203<br>Telephone: 615-320-3700<br>jbolian@rwjplc.com<br>kbarger@rwjplc.com<br><br>*Attorneys for ACL1 Investments Ltd., ACL2 Investments Ltd. and LDO (Cayman) XVIII Ltd.* |

| | |
|---|---|
| robert.poole@alston.com<br>*Attorneys for Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc. and now known as Huntington Ingalls Incorporated* | |