# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONOCOPHILLIPS GULF OF PARIA B.V., <br><br> Plaintiff, <br><br> v. <br><br> CORPORACIÓN VENEZOLANA DEL PETRÓLEO, S.A., and PETRÓLEOS DE VENEZUELA, S.A., <br><br> Defendants. | Case No. 1:22-mc-00264-LPS |
| PHILLIPS PETROLEUM COMPANY VENEZUELA LIMITED and CONOCOPHILLIPS PETROZUATA B.V., <br><br> Plaintiffs, <br><br> v. <br><br> PETRÓLEOS DE VENEZUELA, S.A., CORPOGUANIPA, S.A., and PDVSA PETRÓLEO, S.A., <br><br> Defendants. | Case No. 1:19-mc-00342-LPS |

**OPENING BRIEF IN SUPPORT OF PLAINTIFFS'
MOTION FOR ISSUANCE AND SERVICE OF WRITS *FIERI FACIAS***

| | |
|---|---|
| *Of Counsel*: | ROSS ARONSTAM & MORITZ LLP |
| | Garrett B. Moritz (Bar No. 5646) |
| Michael S. Kim | Elizabeth M. Taylor (Bar No. 6468) |
| Marcus J. Green | Hercules Building |
| Josef M. Klazen | 1313 North Market Street, Suite 1001 |
| Lydia L. Halpern | Wilmington, DE 19801 |
| KOBRE & KIM LLP | (302) 576-1600 |
| 800 Third Avenue | gmoritz@ramllp.com |
| New York, NY 10022 | etaylor@ramllp.com |
| (212) 488-1200 | |
| michael.kim@kobrekim.com | *Attorneys for Plaintiffs* |
| marcus.green@kobrekim.com | |
| jef.klazen@kobrekim.com | |
| lydia.halpern@kobrekim.com | |

Richard G. Mason
Amy R. Wolf
Michael H. Cassel
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
(212) 403-1000
RGMason@wlrk.com
ARWolf@wlrk.com
MHCassel@wlrk.com

Dated: May 1, 2023

# TABLE OF CONTENTS

Page(s)

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND .............................................................................................................................. 3

ARGUMENT ..................................................................................................................................... 5

I.  The DOJ Letter is cause to direct the Clerk of the Court to issue, and the United States Marshals Service to serve, the writs conditionally granted by the Court in favor of ConocoPhillips. ............................................................................................................................ 5

II. If the Court authorizes service of any writs of attachment on the PDVH Shares, the Court should direct that they be served in the same chronological order that the Court entered orders authorizing the conditional writs. .................................................................................. 6

CONCLUSION .................................................................................................................................. 9

Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V., Plaintiffs in Case No. 19-mc-00342-LPS, and ConocoPhillips Gulf of Paria B.V., Plaintiff in Case No. 22-mc-00264-LPS (collectively "ConocoPhillips"), respectfully requests the Court to issue an order: (i) directing the Clerk of the Court to sign, seal and issue the writs *fieri facias* ("*fi fa* writs") conditionally granted to ConocoPhillips against the shares of PDV Holding, Inc. ("PDVH") owned by Petróleos de Venezuela, S.A. ("PDVSA") (the "PDVH Shares"); and (ii) directing the United States Marshals Service to serve ConocoPhillips' *fi fa* writs, and any other writs of attachment as the Court may authorize in favor of any other creditors, in the same chronological order that the Court entered the orders conditionally authorizing each of the writs.

## PRELIMINARY STATEMENT

ConocoPhillips recognizes that by the appointment of the Special Master and through provisions of the October 11, 2022 *Sixth Revised Order (a) Establishing Sale and Bidding Procedures, (b) Approving Special Masters Report and Recommendation Regarding Proposed Sale Procedures Order, (c) Affirming Retention of Evercore as Investment Banker by Special Master, and (d) Regarding Related Matters* (the "Sales Procedures Order"),[1] the Court contemplates an orderly process to administer the sale of the PDVH Shares, including an orderly process for determining "Additional Judgments" within the meaning of the Sales Procedures Order. *See* Sales Procedures Order at 19 and 25-26; *see also* April 4, 2023, Oral Order, Case No. 1:21-mc-00046-LPS (D.I. 59) (directing the parties to meet and confer and, no later than 7 days after the Supplemental Report is filed in *Crystallex* (17-mc-151), to submit a joint status report with a proposed briefing schedule regarding which judgments should be regarded as Additional

---

[1] *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, Case No. 1:17-mc-00151-LPS (D.I. 481).

Judgments under the Sales Procedures Order). Because of statements made by the United States Department of Justice ("DOJ") in its letter of April 7, 2023, filed by the Special Master on April 28, 2023 (the "DOJ Letter"),[2] however, which may constitute evidence of a material change in the sanctions regime that now permits the issuance and service of writs of attachment on the PDVH Shares, ConocoPhillips now seeks the relief requested by this motion.

To be clear, although the DOJ Letter did not change the status of the PDVH Shares as blocked property, in other respects it materially changed the Venezuela sanctions regime as applicable to the sale of the PDVH Shares. *First*, the DOJ Letter confirmed that the United States Government will *not* challenge this Court's conclusion that "the current Venezuela sanctions regime does not prohibit the Prefatory Steps antecedent to the consummation of the Sales Transaction." DOJ Letter at 2. *Second*, the DOJ Letter announced that, in any event, the Office of Foreign Assets Control ("OFAC") "*will not take enforcement action* against individuals or entities for participating in or complying with such Prefatory Steps set out in the Sales [Procedures] Order, *as well as those who engage in transactions that are ordinarily incident and necessary to participation in and compliance with such steps, e.g., potential or actual credit counterparties*." *Id*. at 2-3 (emphasis added).

By authorizing all antecedent actions required to engage in the sale process and providing assurances that, barring a change in circumstances, it will license a transfer of the PDVH Shares to an acceptable transferee, the executive branch has cleared the way for a transaction to occur. In light of that, there should be no reason for creditors to be precluded from taking the steps necessary to protect their interests in the proceeds of the sale. The DOJ Letter may further be read by some

---

[2] Exhibit A to the Special Master's Supplemental Report and Recommendation Pursuant to Sales Procedures Order, filed on April 28, 2023, 1:17-mc-00151-LPS (D.I. 553).

creditors to support a claim there is currently, effectively no longer any prohibition on the perfection of liens or attachments on PDVH Shares that OFAC intends to enforce, if the attachment is obtained as a Prefatory Step antecedent to the PDVH Share sale or authorized as ordinarily incident and necessary to participation in Prefatory Steps. Absent a directive from this Court, that could theoretically portend conditions for a race to the courthouse by creditors.

To be sure, the meaning and effect of the DOJ Letter may be contested, and OFAC has not yet issued the further public guidance, said to be coming "at a later date." DOJ Letter at 3. In the meantime, the statement of non-enforcement in the DOJ Letter may have inadvertently injected uncertainty into an otherwise orderly process. Under the circumstances, ConocoPhillips seeks the relief requested by this motion to ensure that its rights are protected to the greatest extent possible, in light of this significant OFAC policy change.

## BACKGROUND

As the Court knows, ConocoPhillips has two large judgments based on arbitration awards against PDVSA. In connection with an award related to the Petrozuata and Hamaca projects, the balance due on ConocoPhillips' judgment substantially exceeds $1 billion. In connection with an award related to the Corocoro project, the balance due on ConocoPhillips' judgment is approximately $50 million.[3] On March 2, 2022, the Court granted in part ConocoPhillips' motion for an order authorizing a *fi fa* writ relating to the judgment on the Petrozuata and Hamaca projects as follows:

> Upon the Court's receipt of evidence that the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") has either (i) authorized the issuance and service of a writ of attachment or (ii) removed the sanctions under which the PDVH shares are currently blocked property, then the Clerk of this Court is authorized to

---

[3] ConocoPhillips also holds a separate $8.5 billion (plus interest and costs) judgment of the U.S. District Court for the District of Columbia against the Bolivarian Republic of Venezuela, which is not *yet* before the Court. *See* Case No. 1:19-cv-00683-CJN (D.I. 40).

3

> affix its original signature and seal on ConocoPhillips' writ of attachment *fieri facias*. The Clerk of the Court is directed *not* to issue or serve the writ of attachment until further order of the Court.

Case No. 1:19-mc-00342-LPS (D.I. 43) (the "First Fi Fa Order") (emphasis in original). On October 24, 2022, the Court issued substantially identical relief in favor of ConocoPhillips on its judgment relating to the Corocoro project. Case No. 1:22-mc-00264-LPS (D.I. 20) (together with the First Fi Fa Order, the "Fi Fa Orders").

On April 28, 2023, the Special Master in *Crystallex* submitted a Supplemental Report and Recommendation Pursuant to the Sales Procedures Order. *See* Case No. 1:17-mc-00151-LPS (D.I. 553). The Special Master included the DOJ Letter as an exhibit to the Supplemental Report. *Id.* at Ex. A. The DOJ Letter states in relevant part that:

> the United States Government understands that the Court has held that a specific license is not necessary for, and that the current Venezuela sanctions regime does not prohibit, the Prefatory Steps antecedent to the consummation of the Sales Transaction [involving the PDVH shares] to occur. While the United States Government does not necessarily agree with the Court's construction of OFAC's regulations and authorities with respect to Prefatory Steps, nevertheless the United States Government is not seeking to contest that construction in this case and considers the Court to have resolved this issue . . . The United States Government will accordingly issue public guidance that, under the circumstances, OFAC will not take enforcement action against individuals or entities for participating in or complying with such Prefatory Steps set out in the Sales [Procedure] Order, as well as those who engage in transactions that are ordinarily incident and necessary to participation in and compliance with such steps, e.g., potential or actual credit counterparties. The United States Government anticipates publishing guidance affirming this posture at a later date.

*Id.* at 2-3.

## ARGUMENT

I. **The DOJ Letter is cause to direct the Clerk of the Court to issue, and the United States Marshals Service to serve, the writs conditionally granted by the Court in favor of ConocoPhillips.**

The policy statements contained in the DOJ Letter materially changed the Venezuela sanctions regime as applicable to the PDVH Shares. As described above, the DOJ Letter contains two important statements. The letter confirms that the United States does not challenge the Court's ruling that "the current Venezuela sanctions regime does not prohibit the Prefatory Steps antecedent to the consummation of the Sales Transaction." DOJ Letter at 2. The DOJ Letter further announces a broad commitment by OFAC that it "*will not take enforcement action* against individuals or entities for participating in or complying with such Prefatory Steps set out in the Sales [Procedure] Order, *as well as those who engage in transactions that are ordinarily incident and necessary to participation in and compliance with such steps, e.g., potential or actual credit counterparties*." *Id.* (emphasis added).

It is now beyond doubt that the sale process will go forward and that all antecedent actions necessary to the process are generally permissible. The purpose of the sale, of course, is to maximize the price obtained for the PDVH Shares and generate proceeds to pay creditors with valid Delaware judgments against PDVSA.

Under the terms of the Fi Fa Orders, the writs conditionally issued in favor of ConocoPhillips are to be served if the Court receives evidence that OFAC "has *either*: (i) authorized the issuance and service of a writ of attachment; *or* (ii) removed the sanctions under which the PDVH shares are currently blocked property." Fi Fa Orders (emphasis added). The DOJ Letter confirms that the PDVH Shares remain blocked property, but the DOJ Letter also shows that OFAC intends creditors to be in a position to benefit from the sale process and thus

will not enforce sanctions that might have otherwise prohibited an attachment on the PDVH Shares antecedent to the consummation of the sale.

The goal of the Sales Procedures Order is to organize and administer an orderly, fair process to obtain maximum value for the sale of the PDVH Shares for the benefit of Crystallex and any other creditor with an Additional Judgment added to the sale. Establishing attachable interests on the PDVH Shares is a standard, necessary step before completing such a sale. Among other things, the contemplated Marketing Process under the Sales Procedures Order will require a clear statement of the judgments subject to satisfaction through the sale of the PDVH Shares, and any prospective bidder will require detailed information regarding the number and size of enforceable judgments on the PDVH Shares, well in advance of submitting a bid. And attachments will be prerequisites to payment of proceeds.

The Court may now permit service of ConocoPhillips' *fi fa* writs because granting the resulting attachments and perfection of over $1 billion in judgment liens is ordinarily incident and necessary to ConocoPhillips' participation in the sale.

II.     **If the Court authorizes service of any writs of attachment on the PDVH Shares, the Court should direct that they be served in the same chronological order that the Court entered orders authorizing the conditional writs.**

On April 4, 2023, the Court ordered parties to meet and confer and provide a joint status report and proposed briefing schedule regarding which judgments should be regarded as Additional Judgments under the Sales Procedures Order. *See* Case No. 1:17-mc-00151, D.I. 539. As ConocoPhillips will explain in greater detail in that upcoming briefing, under Delaware law, the priority of attachments is determined on a first-in-time basis.

Under normal circumstances, technical priority would be determined by the sequence of seizure of the PDVH Shares or service by the United States Marshals Service of the writs against

the PDVH Shares in compliance with applicable requirements of Delaware law. As a result, if the Court (in light of the DOJ Letter) authorizes service of any writs in favor of PDVSA judgment creditors, the Court should order service to be made in a sequence that replicates and preserves the indicative priority established by the chronological order in which the Court's orders granting the conditional writs were entered.

ConocoPhillips received the first such conditional writ (on its larger judgment against PDVSA). The Court previously acknowledged that if "the sanction regime materially changes," ConocoPhillips should be in a superior position in terms of priority over other creditors. *See* D.I. 42 at 21-22. In its March 2, 2022 opinion granting ConocoPhillips' first conditional *fi fa* writ, the Court stated:

> From the perspective of judicial administration, it makes sense that ConocoPhillips and the other judgment creditors will all have access to the same form of relief at the same point in their judgment enforcement efforts. The Court recognizes that because ConocoPhillips holds a judgment directly against PDVSA, if OFAC grants a specific license *or the sanctions regime materially changes*, ConocoPhillips will almost certainly be in a better position than the other judgment creditors to establish its priority in the PDVH Shares by perfecting a lien. (emphasis added).

(D.I. 42 at 21-22) (emphasis added). Although the Court had not issued any conditional writs in favor of other creditors on an alter ego theory at that time, the Court expressly contemplated that ConocoPhillips' status as the sole direct judgment creditor of PDVSA *should* give it an advantage over those other creditors. Moreover, ConocoPhillips is the only creditor, other than Crystallex, paying for the sales process.

The Court should establish a priority or ranking among the creditors based on when the Court granted the conditional *fi fa* writ in favor of that creditor because, owing to sanctions regulations and OFAC guidance at the time, that was as far as the Court would permit each such creditor to proceed. In circumstances where Delaware's first-in-time approach to priority has been

7

frustrated by supervening federal law, the closest approximation to Delaware law is to establish priority by using the dates by which creditors, once they were fully mature judgment creditors of PDVSA, would have had the opportunity to obtain and serve their respective *fi fa* writs and perfect their attachments as ministerial matters.

ConocoPhillips registered its judgment against PDVSA in Delaware, arising from PDVSA's expropriation of ConocoPhillips' interests in the Petrozuata and Hamaca projects, on November 26, 2019. *See* Case No. 1:19-mc-00342-LPS (D.I. 1). ConocoPhillips registered its judgment against PDVSA in Delaware, arising from PDVSA's expropriation of ConocoPhillips' interests in the Corocoro project, on June 15, 2022. *See* Case No. 1:22-mc-00264-LPS (D.I. 1). A number of other creditors of the Republic of Venezuela have recently been awarded alter ego judgments against PDVSA. *See, e.g.*, Case No. 1:22-mc-00481-LPS (D.I. 43).

It is incontrovertible that ConocoPhillips would have obtained an attachment on the PDVH Shares years before subsequent creditors obtained alter ego judgments against PDVSA, but for the OFAC sanctions regime. It has long been understood that ConocoPhillips' first judgment, which is in excess of $1 billion, stood ahead of all future creditors. Consistent with that understanding, ConocoPhillips has participated as a Sales Process Party, and has provided a one-third share of the funding for the sale process in the *Crystallex* case. Respect for state law judgment enforcement mechanisms and priority as required under Federal Rule of Civil Procedure 69(a) should result in ranking ConocoPhillips' conditional writ ahead of other creditors who received conditional writs at later dates.

ConocoPhillips respectfully requests that the Court issue an order, subject to briefing by all interested parties and such other procedures that the Court deems appropriate, that would

8

establish priority among the creditors in a first-in-time manner based on the date of issuance of the conditional writs.

## CONCLUSION

For the foregoing reasons, ConocoPhillips respectfully requests the Court to issue an order: (i) directing the Clerk of the Court to sign, seal and issue the writs *fieri facias* conditionally granted to ConocoPhillips against the shares PDVH; and (ii) directing the United States Marshals Service to serve ConocoPhillips' writs, and any other writs as the Court may authorize in favor of any other creditors, in the same chronological order that the Court entered orders conditionally authorizing each of the writs.

                                                 Respectfully submitted,

                                           ROSS ARONSTAM & MORITZ LLP

*Of Counsel*:

Michael S. Kim
Marcus J. Green
Josef M. Klazen
Lydia L. Halpern
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
(212) 488-1200
michael.kim@kobrekim.com
marcus.green@kobrekim.com
jef.klazen@kobrekim.com
lydia.halpern@kobrekim.com

/s/ Garrett B. Moritz
Garrett B. Moritz (Bar No. 5646)
Elizabeth M. Taylor (Bar No. 6468)
Hercules Building
1313 North Market Street, Suite 1001
Wilmington, DE 19801
(302) 576-1600
gmoritz@ramllp.com
etaylor@ramllp.com

*Attorneys for Plaintiffs*

9

Richard G. Mason
Amy R. Wolf
Michael H. Cassel
WACHTELL, LIPTON, ROSEN
 & KATZ
51 West 52nd Street
New York, NY 10019
(212) 403-1000
RGMason@wlrk.com
ARWolf@wlrk.com
MHCassel@wlrk.com

Dated: May 1, 2023